# Third District Court of Appeal

## State of Florida

Opinion filed May 7, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1975
Lower Tribunal No. 17-9735
_____

## The First Baptist Church of Greater Miami,
Appellant,

vs.

## Miami Baptist Association, Inc., et al.,
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Vivianne del Rio, Judge.

Pierre Simon, and Faudlin Pierre (Ft. Lauderdale), for appellant.

Lines Law, PLLC, and Matthew L. Lines, for appellee Miami Baptist Association, Inc.

Before LOGUE, C.J., and GORDO and BOKOR, JJ.

PER CURIAM.

Affirmed.  See Ham v. Dunmire, 891 So. 2d 492, 495 (Fla. 2004) ("It is well settled that determining sanctions for discovery violations is committed to the discretion of the trial court, and will not be disturbed upon appeal absent an abuse of the sound exercise of that discretion.  Reviewing courts apply a 'reasonableness test' to determine if the trial court has abused its discretion, which provides that if reasonable people could differ as to the propriety of the trial court's action, the action is not unreasonable, and no abuse of discretion has occurred."); Bainter v. League of Women Voters of Fla., 150 So. 3d 1115, 1117 (Fla. 2014) (holding that, based on a detailed examination of the record which demonstrated an inexcusable delay in the appellants asserting the privilege, any objection to the production of certain documents based on privilege was waived: "Our holding of waiver is based on the totality of the circumstances in this case and not on any one particular factor.  Those circumstances began when [Appellant] did not file a motion for a protective order or raise any legal objection to producing the documents when served with a subpoena duces tecum including these disputed documents within its scope.  Instead, [Appellant] attended a deposition, during which he affirmatively testified under oath that he had conducted 'a thorough search' for documents in response to the subpoena and had produced what he found.  Then, after being served with additional subpoenas

2

duces tecum including these disputed documents within their scope, the non-parties did not raise any claim of a First Amendment privilege during six more months of hearings and filings regarding document production. Not until the day after the trial court held the non-parties in contempt of court and ordered them to pay attorney's fees for failing to produce the documents did the words 'First Amendment' appear for the first time in a filing or a hearing transcript in the trial court.").